UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JOHN DOE, proceeding anonymously,

                Plaintiff,

   – against –

TWENTIETH CENTURY FOX FILM CORP.,

                Defendant.
------------------------------------------------------------x

Judge Pauley

07 CIV 4635

**COMPLAINT AND DEMAND FOR JURY TRIAL**

RECEIVED
JUN 01 2007
U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiff John Doe, proceeding anonymously by and through his attorneys, Emery Celli Brinckerhoff & Abady LLP, for his Complaint alleges as follows:

### PRELIMINARY STATEMENT

      1.    This diversity action arises from Defendant's unauthorized and blatantly illegal use of Plaintiff's likeness in the film "*BORAT – Cultural Learnings of America for Make Benefit Glorious Nation of Kazahkstan*" ("*Borat*") in violation of § 51 of the New York Civil Rights Law and New York common law.

### THE PARTIES

      2.    Plaintiff John Doe is a citizen of the United States residing in New York, New York. Plaintiff is proceeding anonymously in this action in order to minimize his damages to the extent possible. Defendant is aware of Plaintiff's identity because Plaintiff informed Defendant of his identity by letter to Defendant's General Counsel dated December 6, 2006.

3.   On information and belief, Defendant Twentieth Century Fox Film Corp. is a Delaware corporation with a principal place of business at 10201 West Pico Boulevard, Los Angeles, CA 90035 and was responsible for the production and distribution of *Borat*.

## JURISDICTION AND VENUE

4.   This Court has subject matter over this action under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and because the amount in controversy exceeds $75,000.00.

5.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in the Southern District of New York.

## JURY DEMAND

6.   Plaintiff demands trial by jury in this action.

## FACTUAL ALLEGATIONS

7.   In the film *Borat*, Plaintiff is depicted, on two occasions, being chased by actor Sasha Cohen near the vicinity of Fifth Avenue and 57th Street in Manhattan, New York.

8.   Plaintiff is seen fleeing in apparent terror, screaming for Mr. Cohen to "go away."

9.   Defendant neither sought nor obtained Plaintiff's consent to use his likeness in *Borat*.

10.  The depiction of Plaintiff was not newsworthy.

11. Defendant knew that it was unlawful to use Plaintiff's likeness without his consent and that Defendant had not obtained Plaintiff's consent. Indeed, Defendant scrambled Plaintiff's face in the trailer promoting the film. Defendant did not, however, scramble Plaintiff's face in the film itself.

12. Moreover, notwithstanding that Plaintiff, through his counsel, demanded in a letter to Defendant's General Counsel dated December 6, 2006 that Defendant immediately cease and desist from further depicting Plaintiff's likeness without authorization, Defendant persisted.

13. Indeed, Defendant released *Borat* on DVD in March 2006 – three months *after* Plaintiff sent his cease and desist letter – without scrambling Plaintiff's face.

14. Defendant's use of Plaintiff's likeness was not incidental, as evidenced by the fact that Defendant used his likeness in the trailer promoting the film.

15. As a result of Defendant's outrageous and illegal conduct, Plaintiff has suffered public ridicule, degradation, and humiliation.

16. Defendant has been unjustly enriched as result of this illegal action.

17. On information and belief, *Borat* has grossed over $260 million in ticket sales to date.

18. In addition, Borat has, on information and belief, grossed over $60 million in DVD sales.

## AS AND FOR A FIRST CLAIM FOR RELIEF
(New York Civil Rights Act § 51)

19. Plaintiff repeats and realleges each of the foregoing paragraphs as if they were fully set forth at length herein.

20. Defendant used Plaintiff's likeness in the film *Borat* without his consent for the purposes of trade in violation of § 51 of the New York Civil Rights Act.

21. As a result of this illegal action, Plaintiff suffered and continues to suffer emotional damages.

22. As a result of this illegal action, Defendant has profited greatly and unjustly.

23. By virtue of the foregoing, Defendant is liable for compensatory and punitive damages to Plaintiff under § 51 of the New York Civil Rights Act in an amount to be proven at trial.

## AS AND FOR A FIRST CLAIM FOR RELIEF
(Quantum Meruit/Unjust Enrichment)

24. Plaintiff repeats and realleges each of the foregoing paragraphs as if they were fully set forth at length herein.

25. By misappropriating Plaintiff's likeness without consent, Defendant obtained a benefit, at Plaintiff's expense, that in equity and good conscience it should not have obtained.

26. Defendant profited substantially from the unlawful misappropriation of Plaintiff's likeness.

27. By virtue of the foregoing, equity warrants that Plaintiff receive substantial compensation from Defendant for the unauthorized use of his likeness, and that Defendant be compelled to disgorge any and all profits realized by the unauthorized use of Plaintiff's likeness.

WHEREFORE, plaintiff respectfully requests judgment against Defendant as follows:

1. an order awarding compensatory damages in an amount to be determined at trial;

2. an order awarding punitive damages in an amount to be determined at trial;

3. an order disgorging all profits earned by Defendant by virtue of using Plaintiff's likeness without his consent;

4. an order enjoining Defendant from further showing or otherwise releasing any portions of *Borat* that depict Plaintiff's likeness;

5. an order awarding reasonable attorneys' fees and costs; and

6. an order directing such other and further relief as the Court may deem just and proper.

Dated: June 1, 2007
      New York, New York

                            Respectfully submitted,

                            EMERY CELLI BRINCKERHOFF
                            & ABADY LLP

                            By: _____
                                    Richard D. Emery (RE 5181)
                                    Eric Hecker (EH 0989)
                                    Elizabeth S. Saylor (ES 8091)

                            75 Rockefeller Plaza, 20th Floor
                            New York, N.Y. 10019
                            (212) 763-5050

                            Attorneys for Plaintiff