UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

JEFFREY LEMEROND,                                   07 Civ. 4635 (WHP)

                          Plaintiff,

                                                    **AMENDED COMPLAINT**
          – against –                               **AND DEMAND FOR**
                                                    **JURY TRIAL**
TWENTIETH CENTURY FOX FILM CORP.,

                          Defendant.

-------------------------------------------------------------------x

Plaintiff Jeffrey Lemerond, by and through his attorneys, Emery

Brinckerhoff & Abady LLP, for his Complaint alleges as follows:

RECEIVED

JUN 2 6 2007

U.S.D.C. S.D. N.Y.
CASHIERS

### PRELIMINARY STATEMENT

1.     This diversity action arises from Defendant's unauthorized and blatantly

illegal use of Plaintiff's likeness in the film *"BORAT – Cultural Learnings of America for Make*

*Benefit Glorious Nation of Kazahkstan"* (*"Borat"*) in violation of § 51 of the New York Civil

Rights Law and New York common law.

### THE PARTIES

2.     Plaintiff Jeffrey Lemerond is a citizen of the United States residing in New

York, New York.

3.     On information and belief, Defendant Twentieth Century Fox Film Corp.

is a Delaware corporation with a principal place of business at 10201 West Pico Boulevard, Los

Angeles, CA 90035 and was responsible for the production and distribution of *Borat*.

## JURISDICTION AND VENUE

4.      This Court has subject matter over this action under 28 U.S.C. §

1332(a)(1) because the parties are citizens of different states and because the amount in

controversy exceeds $75,000.00.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because

the acts complained of occurred in the Southern District of New York.

## JURY DEMAND

6.      Plaintiff demands trial by jury in this action.

## FACTUAL ALLEGATIONS

7.      In the film *Borat*, Plaintiff is depicted, on two occasions, being chased by

actor Sasha Cohen near the vicinity of Fifth Avenue and 57th Street in Manhattan, New York.

8.      Plaintiff is seen fleeing in apparent terror, screaming for Mr. Cohen to "go

away."

9.      Defendant neither sought nor obtained Plaintiff's consent to use his

likeness in *Borat*.

10.      The depiction of Plaintiff was not newsworthy.

11.      Defendant knew that it was unlawful to use Plaintiff's likeness without his

consent and that Defendant had not obtained Plaintiff's consent.  Indeed, Defendant scrambled

Plaintiff's face in the trailer promoting the film.  Defendant did not, however, scramble

Plaintiff's face in the film itself.

12.    Moreover, notwithstanding that Plaintiff, through his counsel, demanded in a letter to Defendant's General Counsel dated December 6, 2006 that Defendant immediately cease and desist from further depicting Plaintiff's likeness without authorization, Defendant persisted.

13.    Indeed, Defendant released *Borat* on DVD in March 2006 – three months *after* Plaintiff sent his cease and desist letter – without scrambling Plaintiff's face.

14.    Defendant's use of Plaintiff's likeness was not incidental, as evidenced by the fact that Defendant used his likeness in the trailer promoting the film.

15.    As a result of Defendant's outrageous and illegal conduct, Plaintiff has suffered public ridicule, degradation, and humiliation.

16.    Defendant has been unjustly enriched as result of this illegal action.

17.    On information and belief, *Borat* has grossed over $260 million in ticket sales to date.

18.    In addition, *Borat* has, on information and belief, grossed over $60 million in DVD sales.

### AS AND FOR A FIRST CLAIM FOR RELIEF
(New York Civil Rights Act § 51)

19.    Plaintiff repeats and realleges each of the foregoing paragraphs as if they were fully set forth at length herein.

20.    Defendant used Plaintiff's likeness in the film *Borat* without his consent for the purposes of trade in violation of § 51 of the New York Civil Rights Act.

21.    As a result of this illegal action, Plaintiff suffered and continues to suffer emotional damages.

22.    As a result of this illegal action, Defendant has profited greatly and unjustly.

23.    By virtue of the foregoing, Defendant is liable for compensatory and punitive damages to Plaintiff under § 51 of the New York Civil Rights Act in an amount to be proven at trial.

## AS AND FOR A FIRST CLAIM FOR RELIEF
(Quantum Meruit/Unjust Enrichment)

24.    Plaintiff repeats and realleges each of the foregoing paragraphs as if they were fully set forth at length herein.

25.    By misappropriating Plaintiff's likeness without consent, Defendant obtained a benefit, at Plaintiff's expense, that in equity and good conscience it should not have obtained.

26.    Defendant profited substantially from the unlawful misappropriation of Plaintiff's likeness.

27.    By virtue of the foregoing, equity warrants that Plaintiff receive substantial compensation from Defendant for the unauthorized use of his likeness, and that Defendant be compelled to disgorge any and all profits realized by the unauthorized use of Plaintiff's likeness.

WHEREFORE, plaintiff respectfully requests judgment against Defendant as follows:

1.   an order awarding compensatory damages in an amount to be determined at trial;

2.   an order awarding punitive damages in an amount to be determined at trial;

3.   an order disgorging all profits earned by Defendant by virtue of using Plaintiff's likeness without his consent;

4.   an order enjoining Defendant from further showing or otherwise releasing any portions of *Borat* that depict Plaintiff's likeness;

5.   an order awarding reasonable attorneys' fees and costs; and

6.   an order directing such other and further relief as the Court may deem just and proper.

Dated: June 25, 2007
       New York, New York

Respectfully submitted,

EMERY CELLI BRINCKERHOFF
& ABADY LLP

By: _____
       Richard D. Emery (RE 5181)
       Eric Hecker (EH 0989)
       Elizabeth S. Saylor (ES 8091)

75 Rockefeller Plaza, 20th Floor
New York, N.Y. 10019
(212) 763-5050

Attorneys for Plaintiff