# EXHIBIT B

**To the Memorandum of Law of Twentieth Century Fox Film Corporation in Support of Its Motion to Dismiss the Amended Complaint**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 02/15/07 | DEPT. WEC |
| HONORABLE JOSEPH S. BIDERMAN  JUDGE | K. SANDOVAL  DEPUTY CLERK |
| | R. WHITE, CSL/CT. ASST.  ELECTRONIC RECORDING MONITOR |
| HONORABLE #5  JUDGE PRO TEM | |
| NONE  Deputy Sheriff | NONE  Reporter |

| 2:30 pm | SC091723 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | JOHN DOE I ET. AL. VS ONE AMERICA PRODUCTIONS, INC. ET AL. | Defendant Counsel | |

NATURE OF PROCEEDINGS:

RULING ON SUBMITTED MATTER;

Court rules on Special Motion to Strike taken under submission on February 14, 2007 as follows:

SPECIAL MOTION TO STRIKE

Evidentiary Objections

EVIDENTIARY OBJECTIONS BY DEFENDANTS

DECL OF STAUFFER

1. Para 3 -   Sustained - hearsay
2. Para 4 =   Sustained as to any reference to "producer" as hearsay
3. Para 5 -   Sustained as to any reference to "producer" as hearsay

DECL OF HAMMETT

1. Para 3 -   Overruled
2. Para 4 -   Overruled
3. Para 5 -   Overruled

DECL OF ROTUNDA

1. Para 14-   Sustained as to foundation
2. Para 15-   Sustained as to foundation

MINUTES ENTERED  
02/15/07  
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 02/15/07 | DEPT. WEC |
| HONORABLE JOSEPH S. BIDERMAN  JUDGE | K. SANDOVAL  DEPUTY CLERK |
| HONORABLE #5  JUDGE PRO TEM | R. WHITE, CSL/CT. ASST.  ELECTRONIC RECORDING MONITOR |
| NONE  Deputy Sheriff | NONE  Reporter |

| 2:30 pm | SC091723 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | JOHN DOE I ET. AL. VS ONE AMERICA PRODUCTIONS, INC. ET AL. | Defendant Counsel | |

NATURE OF PROCEEDINGS:

3.   Para 16-   Overruled
4.   Para 17-   Sustained as to hearsay regarding the substance of the telephone calls and as to foundation regarding level of consequences "inevitable"
5.   Para 18    Overruled
6.   Para 19    Sustained as speculation
7.   Para 20    Overruled

Merits

As an initial matter, the Court notes that the only issue before it today is the narrow inquiry of whether this action constitutes what our Legislature has denominated as a "SLAPP" - a strategic lawsuit against public participation. The propriety of filming individuals, often in crude contexts and with a disarming disguise, with the specific intent of later embarrassing them on a national scale - even those individuals who, on occasion, exhibit less than admirable qualities - is not before the Court. Rather, the Court's role is constrained to an examination of the legal issues presented by the parties. The Court cannot and does not reach the topic of whether the Defendants' conduct is appropriate or conscionable; the only question is whether a legal claim survives in the manner it has been drafted in Plaintiffs' Complaint.

Under the two-step process of Section 425.16 of

Page   2 of 10    DEPT. WEC

MINUTES ENTERED
02/15/07
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 02/15/07 | | DEPT. WEC |
|---|---|---|
| HONORABLE JOSEPH S. BIDERMAN  JUDGE | K. SANDOVAL | DEPUTY CLERK |
| | R. WHITE, CSL/CT. ASST. | |
| HONORABLE #5   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE   Deputy Sheriff | NONE | Reporter |

| 2:30 pm | SC091723 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | JOHN DOE I ET. AL. VS ONE AMERICA PRODUCTIONS, INC. ET AL. | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

the Code of Civil Procedure, the trial court first decides "whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity .... If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." Equilon Enterprises v. Consumer Cause, Inc. (2002) 29 Cal.4th 53, 67. "In bringing a section 425.16 motion to strike, the defendant has the initial burden to make a prima facie showing that the plaintiff's claims are subject to section 425.16. If the defendant makes that showing, the burden shifts to the plaintiff to establish a probability he or she will prevail on the claim at trial, i.e., to proffer a prima facie showing of facts supporting a judgment in the plaintiff's favor." Roberts v. Los Angeles County Bar Assoc. (2003) 105 Cal.App.4th 604, 613 (emphasis added). The Court must consider the pleadings and the evidence submitted by the parties; it cannot weigh the evidence but instead must simply determine whether the plaintiff's evidence would, if credited, be sufficient to meet the plaintiff's burden of proof. Ramona Unified Sch. Dist. v. Tsiknas (2005) 135 Cal.App. 4th 510, 519.

The parties dispute whether Plaintiffs' six causes of action are subject to Section 425.16. As the Court indicated at the lengthy hearing on this

MINUTES ENTERED
02/15/07
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 02/15/07 | DEPT. WEC |
| HONORABLE JOSEPH S. BIDERMAN  JUDGE | K. SANDOVAL  DEPUTY CLERK |
| HONORABLE #5  JUDGE PRO TEM | R. WHITE, CSL/CT. ASST.  ELECTRONIC RECORDING MONITOR |
| NONE  Deputy Sheriff | NONE  Reporter |

| 2:30 pm | SC091723 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | JOHN DOE I ET. AL.  VS  ONE AMERICA PRODUCTIONS, INC. ET AL. | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

motion, the Court concludes that Defendants have satisfied their initial burden under the anti-SLAPP statute.

Plaintiffs argue that this case is about misrepresentations, not conduct in furtherance of free speech rights. However, the last four causes of action stated in Plaintiffs' complaint indisputably arise from Defendants' communications (i.e., the movie). As to the first two causes of action (fraud and rescission), though couched in fraud, their gravamen, or principal thrust, goes to the exhibition of the movie. See, e.g., Complaint, paras. 16-18, 21, and 26; Martinez v. Metabolife Internat. Inc. (2003) 113 Cal.App.4th 181, 188 ("[I]t is the principal thrust or gravamen of the plaintiff's cause of action that determines whether the anti-SLAPP statute applies..."). Indeed, at oral argument counsel effectively conceded, as he must, that this action would not exist at all if the movie were not playing in the United States.

Further, it is beyond reasonable dispute (and undisputed) that the topics addressed and skewered in the movie - racism, sexism, homophobia, xenophobia, anti-semitism, ethnocentrism, and other societal ills - are issues of public interest, and that the movie itself has sparked significant public awareness and debate about these topics. "The definition of 'public interest' within the meaning

Page   4 of 10   DEPT. WEC

MINUTES ENTERED  
02/15/07  
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 02/15/07 | DEPT. WEC |
| HONORABLE JOSEPH S. BIDERMAN  JUDGE | K. SANDOVAL  DEPUTY CLERK |
| HONORABLE #5  JUDGE PRO TEM | R. WHITE, CSL/CT. ASST.  ELECTRONIC RECORDING MONITOR |
| NONE  Deputy Sheriff | NONE  Reporter |

| 2:30 pm | SC091723 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | JOHN DOE I ET. AL. VS ONE AMERICA PRODUCTIONS, INC. ET AL. | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

of the anti-SLAPP statute has been "broadly construed." Damon v. Ocean Hills Journalism Club (2000) 85 Cal.App.4th 468, 479. Thus, a statement or activity has been held to be in the public interest when it involves a topic of widespread interest. Rivero v. American Fed. of State, County & Mun. Employees, AFL-CIO (2003) 105 Cal.App. 4th 913, 924. Likewise, "[m]ajor societal ills are issues of public interest." Lieberman v. KCOP Television, Inc. (2003) 110 Cal.App.4th 156, 164.

The movie is not about whether these specific plaintiffs held racist, sexist, or anti-Semitic views, but rather concerns the general topics of racism, sexism, homophobia, anti-Semitism, and ethnocentrism, which (as previously noted) are issues of public interest. See, M.G. v. Time Warner, Inc. (2001) 89 Cal.App.4th 623, 629 (courts are to look at the broad topic of an article or program in determining whether the act in furtherance of free speech was related to a public issue). In addition, several cases have held that the anti-SLAPP statute applies to private communications concerning public issues. E.g., Averill v. Superior Court (1996) 42 Cal.App.4th 1170, 1175; Ruiz v. Harbor View Community Assn. (2005) 134 Cal.App.4th 1456, 1470; Integrated Health Care Holdings v. Fitzgibbons (2006) 140 Cal.App.4th 515, 525, fn. 4.

Page   5 of 10   DEPT. WEC

MINUTES ENTERED
02/15/07
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 02/15/07 | | DEPT. WEC | |
|---|---|---|---|
| HONORABLE JOSEPH S. BIDERMAN | JUDGE | K. SANDOVAL | DEPUTY CLERK |
| | | R. WHITE, CSL/CT. ASST. | |
| HONORABLE #5 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 2:30 pm | SC091723 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | JOHN DOE I ET. AL. VS ONE AMERICA PRODUCTIONS, INC. ET AL. | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

In addition to the foregoing, the Court concludes that application of CCP 425.16 to the unusual fact pattern before the Court would further that statute's purpose of encouraging participation in matters of public significance.

Insofar as Defendants have satisfied their initial burden under CCP 425.16, the burden now shifts to Plaintiffs to establish a probability that they will prevail at trial by making a prima facie showing as to each cause of action. The Court concludes that Plaintiffs have failed to satisfy this burden as to any cause of action.

Plaintiffs' opposition brief fails to address several of the arguments raised by Defendants with regard to the fraud claim, such as the lack of actual, definite damages. Plaintiffs' evidence in this regard is virtually non-existent.

Plaintiffs have failed to show a basis for the equitable remedy of rescission. The Court could not possibly return Plaintiffs to anything remotely close to the status quo ante. Indeed, the rescission claim is, in effect, seeking a backdoor permanent injunction against displaying Plaintiffs' images, etc. on DVD, without satisfying the stringent requirements for that type of injunction.

Plaintiffs' opposition brief does not in any

MINUTES ENTERED
02/15/07
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 02/15/07 | | DEPT. WEC |
|---|---|---|
| HONORABLE JOSEPH S. BIDERMAN  JUDGE | K. SANDOVAL | DEPUTY CLERK |
| HONORABLE #5  JUDGE PRO TEM | R. WHITE, CSL/CT. ASST. | ELECTRONIC RECORDING MONITOR |
| NONE  Deputy Sheriff | NONE | Reporter |

| 2:30 pm | SC091723 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | JOHN DOE I ET. AL. VS ONE AMERICA PRODUCTIONS, INC. ET AL. | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

manner respond to Defendants' argument that they did not portray Plaintiffs in a false light. Motion, 15:8-19.

With regard to Plaintiffs' mis-titled claim for "statutory false light" (which is actually a claim based on the statutory right of publicity) and Plaintiffs' claim for common law misappropriation of likeness, Defendants simply have the more persuasive arguments, particularly with regard to those based on the First Amendment. Indeed, the Court cannot stress too highly the importance of the free speech rights at stake in this case. Movies are of significant public interest. "It cannot be doubted that motion pictures are a significant medium for the communication of ideas. They may affect public attitudes and behavior in a variety of ways, ranging from direct espousal of a political or social doctrine to the subtle shaping of thought which characterizes all artistic expression. The importance of motion pictures as an organ of public opinion is not lessened by the fact that they are designed to entertain as well as to inform." Joseph Burstyn, Inc. v. Wilson (1952) 343 U.S. 495, 501, 72 S.Ct. 777, 96 L.Ed. 1098 (fn. omitted). The fact that movies are made for private profit does not diminish the fact movies are "a form of expression whose liberty is safeguarded by the First Amendment." Id. at 501-502, 72 S.Ct. 777 (fn. omitted). See also, Guglielmi v. Spelling-Goldberg

MINUTES ENTERED
02/15/07
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 02/15/07 | DEPT. WEC |
| HONORABLE JOSEPH S. BIDERMAN         JUDGE | K. SANDOVAL         DEPUTY CLERK |
| HONORABLE #5         JUDGE PRO TEM | R. WHITE, CSL/CT. ASST.         ELECTRONIC RECORDING MONITOR |
| NONE         Deputy Sheriff | NONE         Reporter |

| 2:30 pm | SC091723 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | JOHN DOE I ET. AL. VS ONE AMERICA PRODUCTIONS, INC. ET AL. | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

Productions (1979) 25 Cal.3d 860. This movie in particular, which is part fiction and part documentary, utilizes the reactions and statements of people such as Plaintiffs to subversively satirize the true targets of the movie: ethnocentrism, sexism, racism, and the like.

Plaintiffs' claim for "negligent infliction of emotional distress," which is really a claim for negligence, fails. Plaintiffs have failed to identify the duty which they contend Defendants owed them, and the manner in which Defendants breached said duty. Further, insofar as the movie is partly a work of fiction, the cause of action is arguably barred by Polydoros v. Twentieth Century Fox Film Corp. (1997) 67 Cal.App.4th 318, 326 ("Respondents are 'immune' from liability because they have a constitutional right to free expression, which they exercised when they made and released this film")

Motion is granted in full. Defendants are to serve and lodge a proposed order pursuant to CRC 3.1312. They are to concurrently serve and lodge a proposed revised judgment of dismissal as to the complaint in its entirety.

Any request for attorney's fees pursuant to CCP 425.16(c) may be made by separate motion supported by admissible evidence showing in detail the amount of reasonable time spent on the motion to strike and

Page    8 of 10         DEPT. WEC

MINUTES ENTERED
02/15/07
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 02/15/07 | | DEPT. WEC |
|---|---|---|
| HONORABLE JOSEPH S. BIDERMAN   JUDGE | K. SANDOVAL | DEPUTY CLERK |
| | R. WHITE, CSL/CT. ASST. | |
| HONORABLE #5   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE   Deputy Sheriff | NONE | Reporter |

| 2:30 pm | SC091723 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | JOHN DOE I ET. AL. VS ONE AMERICA PRODUCTIONS, INC. ET AL. | Defendant Counsel | |

NATURE OF PROCEEDINGS:

the fees motion.

Clerk to give notice. Counsel for plaintiff to promptly notice remaining parties.

> CLERK'S CERTIFICATE OF MAILING/
> NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 2-15-07 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: February 15, 2007

John A. Clarke, Executive Officer/Clerk

By: _____
        K. Sandoval

OLIVIER A. TAILLIEU, ESQ.          WALT SADLER, ESQ.
9595 WILSHIRE BOULEVARD            LEOPOLD, PETRICH & SMITH

Page    9 of 10      DEPT. WEC

MINUTES ENTERED
02/15/07
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 02/15/07 | DEPT. WEC |
| HONORABLE JOSEPH S. BIDERMAN  JUDGE | K. SANDOVAL           DEPUTY CLERK |
| | R. WHITE, CSL/CT. ASST. |
| HONORABLE #5              JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE                     Deputy Sheriff | NONE                    Reporter |

| | | |
|---|---|---|
| 2:30 pm | SC091723 | Plaintiff Counsel |
| | JOHN DOE I ET. AL. | NO APPEARANCES |
| | VS | Defendant Counsel |
| | ONE AMERICA PRODUCTIONS, INC. ET AL. | |

NATURE OF PROCEEDINGS:

9TH FLOOR                        SUITE 3110
BEVERLY HILLS, CA  90212         2049 CENTURY PARK EAST
                                 LOS ANGELES, CA  90067

Page  10 of 10    DEPT. WEC

MINUTES ENTERED
02/15/07
COUNTY CLERK