**<u>EXHIBIT B</u>**

**To the Declaration of Slade R. Metcalf**

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN DISTRICT OF NEW YORK

JOHN DOE, proceeding anonymously,

SUMMONS IN A CIVIL CASE

V.

CASE NUMBER: 07 Civ. '07 CIV 4635

TWENTIETH CENTURY FOX FILM CORP.,

Judge Pauley

TO: (Name and address of defendant)

TWENTIETH CENTURY FOX FILM CORP.
10201 WEST PICO BOULEVARD
LOS ANGELES, CA 90035

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

RICHARD D. EMERY, ESQ.
EMERY CELLI BRINCKERHOF & ABADY LLP
75 ROCKEFELLER PLAZA, 20TH FLOOR
NEW YORK, NEW YORK 10019

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

DATE

Marcos Quintero

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action -SDNY WEB 4/99

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: ______________________

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: ______________________

☐ Returned unexecuted: ______________________

☐ Other *(specify)*: ______________________

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ______________________ ______________________
Date Signature of Server

______________________
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

JEFFREY LEMEROND,

Plaintiff,

– against –

TWENTIETH CENTURY FOX FILM CORP.,

Defendant.

---------------------------------------------------------------------x

07 Civ. 4635 (WHP)

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

RECEIVED
JUN 26 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Jeffrey Lemerond, by and through his attorneys, Emery Celli Brinckerhoff & Abady LLP, for his Complaint alleges as follows:

## PRELIMINARY STATEMENT

1. This diversity action arises from Defendant's unauthorized and blatantly illegal use of Plaintiff's likeness in the film "*BORAT – Cultural Learnings of America for Make Benefit Glorious Nation of Kazahkstan*" ("*Borat*") in violation of § 51 of the New York Civil Rights Law and New York common law.

## THE PARTIES

2. Plaintiff Jeffrey Lemerond is a citizen of the United States residing in New York, New York.

3. On information and belief, Defendant Twentieth Century Fox Film Corp. is a Delaware corporation with a principal place of business at 10201 West Pico Boulevard, Los Angeles, CA 90035 and was responsible for the production and distribution of *Borat*.

## JURISDICTION AND VENUE

4. This Court has subject matter over this action under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and because the amount in controversy exceeds $75,000.00.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in the Southern District of New York.

## JURY DEMAND

6. Plaintiff demands trial by jury in this action.

## FACTUAL ALLEGATIONS

7. In the film *Borat*, Plaintiff is depicted, on two occasions, being chased by actor Sasha Cohen near the vicinity of Fifth Avenue and 57th Street in Manhattan, New York.

8. Plaintiff is seen fleeing in apparent terror, screaming for Mr. Cohen to "go away."

9. Defendant neither sought nor obtained Plaintiff's consent to use his likeness in *Borat*.

10. The depiction of Plaintiff was not newsworthy.

11. Defendant knew that it was unlawful to use Plaintiff's likeness without his consent and that Defendant had not obtained Plaintiff's consent. Indeed, Defendant scrambled Plaintiff's face in the trailer promoting the film. Defendant did not, however, scramble Plaintiff's face in the film itself.

12. Moreover, notwithstanding that Plaintiff, through his counsel, demanded in a letter to Defendant's General Counsel dated December 6, 2006 that Defendant immediately cease and desist from further depicting Plaintiff's likeness without authorization, Defendant persisted.

13. Indeed, Defendant released *Borat* on DVD in March 2006 – three months *after* Plaintiff sent his cease and desist letter – without scrambling Plaintiff's face.

14. Defendant's use of Plaintiff's likeness was not incidental, as evidenced by the fact that Defendant used his likeness in the trailer promoting the film.

15. As a result of Defendant's outrageous and illegal conduct, Plaintiff has suffered public ridicule, degradation, and humiliation.

16. Defendant has been unjustly enriched as result of this illegal action.

17. On information and belief, *Borat* has grossed over $260 million in ticket sales to date.

18. In addition, *Borat* has, on information and belief, grossed over $60 million in DVD sales.

## AS AND FOR A FIRST CLAIM FOR RELIEF
(New York Civil Rights Act § 51)

19. Plaintiff repeats and realleges each of the foregoing paragraphs as if they were fully set forth at length herein.

20. Defendant used Plaintiff's likeness in the film *Borat* without his consent for the purposes of trade in violation of § 51 of the New York Civil Rights Act.

21. As a result of this illegal action, Plaintiff suffered and continues to suffer emotional damages.

22. As a result of this illegal action, Defendant has profited greatly and unjustly.

23. By virtue of the foregoing, Defendant is liable for compensatory and punitive damages to Plaintiff under § 51 of the New York Civil Rights Act in an amount to be proven at trial.

**AS AND FOR A FIRST CLAIM FOR RELIEF**
(Quantum Meruit/Unjust Enrichment)

24. Plaintiff repeats and realleges each of the foregoing paragraphs as if they were fully set forth at length herein.

25. By misappropriating Plaintiff's likeness without consent, Defendant obtained a benefit, at Plaintiff's expense, that in equity and good conscience it should not have obtained.

26. Defendant profited substantially from the unlawful misappropriation of Plaintiff's likeness.

27. By virtue of the foregoing, equity warrants that Plaintiff receive substantial compensation from Defendant for the unauthorized use of his likeness, and that Defendant be compelled to disgorge any and all profits realized by the unauthorized use of Plaintiff's likeness.

WHEREFORE, plaintiff respectfully requests judgment against Defendant as follows:

1. an order awarding compensatory damages in an amount to be determined at trial;

2. an order awarding punitive damages in an amount to be determined at trial;

3. an order disgorging all profits earned by Defendant by virtue of using Plaintiff's likeness without his consent;

4. an order enjoining Defendant from further showing or otherwise releasing any portions of *Borat* that depict Plaintiff's likeness;

5. an order awarding reasonable attorneys' fees and costs; and

6. an order directing such other and further relief as the Court may deem just and proper.

Dated: June 25, 2007
New York, New York

Respectfully submitted,

EMERY CELLI BRINCKERHOFF
& ABADY LLP

By: ____________________
Richard D. Emery (RE 5181)
Eric Hecker (EH 0989)
Elizabeth S. Saylor (ES 8091)

75 Rockefeller Plaza, 20th Floor
New York, N.Y. 10019
(212) 763-5050

Attorneys for Plaintiff